Matter of Mandell v Board of Elections in the City of N.Y. (2018 NY Slip Op 05803)





Matter of Mandell v Board of Elections in the City of N.Y.


2018 NY Slip Op 05803


Decided on August 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
The Following Order Was Entered And Filed On August 22,

Kahn, J.P., Gesmer, Oing, Singh, Moulton, JJ.


2018 7103 156984/18

[*1]In re Matt Mandell, et al., Petitioners-Respondents,
v
The Board of Elections in the City of New York, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Stephen Kitzinger of counsel), for appellant.
Advocates for Justice, New York (Arthur Z. Schwartz of counsel), and The Rose Law Group, PLLC, Astoria (Jesse C. Rose of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered on August 8, 2018, unanimously affirmed, without costs or disbursements.
The motion court properly declined to dismiss this proceeding for an order declaring valid petitions designating candidates for the office of County Committee Members for the Queens County Democratic Party for the upcoming primary election on statute of limitations grounds (Election Law § 16-102[2]).
It is not clear on the record before us whether the motion court had the authority to direct petitioners to commence a new proceeding containing the same claims as this one in Queens Supreme Court so that the substantive issues could be litigated there. However, respondent never sought a stay from this Court of that order, and instead proceeded to litigate the identical issues in the Queens County Supreme Court proceeding. While this appeal was pending, Queens County Supreme Court (Kevin J. Kerrigan, J.) issued a ruling on respondent's statute of limitations claims, and on the merits, which respondent has appealed to the Second Department. Since respondent cannot be permitted to litigate the same issues in this Court that it has had a full and fair opportunity to litigate before the Second Department, and in the interest of judicial economy (see Kaufman v Eli Lilly and Co. , 65 NY2d 445, 455 [1985]), we decline to address its argument that the New York County motion court was without authority to grant petitioners three days to commence the new proceeding in Queens.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 22, 2018
DEPUTY CLERK